```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
PHILLIS LU SIMPSON,                                                     :
                                                                        :
                            Plaintiff,                                  :       15-CV-1487 (JMF)
                                                                        :
                   -v-                                                  :       OPINION AND ORDER
                                                                        :
WELLS FARGO BANK et al.,                                                :
                                                                        :
                            Defendants.                                 :
                                                                        :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Plaintiff Phillis Lu Simpson ("Plaintiff"), an attorney proceeding *pro se*, brings this suit as the Administrator of the Estate of Linda Simpson ("Decedent") against Defendants Wells Fargo Bank and two insurance companies (the "Insurance Defendants"). Plaintiff's Amended Complaint primarily alleges claims seeking enforcement of, and damages under, a life insurance policy purchased by Decedent. (Docket No. 43 ("Am. Compl.")). In a Memorandum Opinion and Order entered on February 1, 2016, the Court dismissed all claims against the Insurance Defendants on the ground that the life insurance policy had expired prior to Decedent's death in 2013. *See Simpson v. Wells Fargo Bank*, No. 15-CV-1487 (JMF), 2016 WL 393544, at *1 (S.D.N.Y. Feb. 1, 2016) ("*Simpson I*"). Now pending are two motions. First, Wells Fargo moves, pursuant to Rules 4(m) and 12(b) of the Federal Rules of Civil Procedure, to dismiss the claims against it. (Docket No. 52). Second, the Insurance Defendants move, pursuant to Rule 11 of the Federal Rules of Civil Procedure, for sanctions based on the fact that Plaintiff's Amended Complaint reasserts the claims against them that had been dismissed. (Docket No. 65). For the

reasons stated below, Wells Fargo's motion to dismiss is GRANTED, and the Insurance Defendants' motion for sanctions is DENIED.

## BACKGROUND

The relevant background, set forth in *Simpson I*, can be briefly summarized. In October 2005, Decedent entered into a loan agreement with Wachovia Bank (now Wells Fargo) secured by a deed to Decedent's home. (Am. Compl. ¶¶ 6-7). In conjunction with (but separate from) the loan, Decedent obtained a life insurance policy from American General Life Assurance Company ("AGLAC") to help pay off the balance of the loan in the event she died. (Am. Compl. ¶¶ 9-10). Decedent passed away in 2013 at the age of sixty-eight, and Plaintiff sought to recover the proceeds of the life insurance policy on behalf of the Estate. (Am. Compl. ¶¶ 13-15, 20). AGLAC, now part of AIG Benefit Solutions (together the Insurance Defendants), took the position that the insurance policy had automatically terminated when Decedent turned sixty-six and, thus, that no benefits were payable. (Am. Compl. ¶ 16). Wells Fargo also refused to grant the Estate any sort of relief from the loan. (Am. Compl. ¶ 20-22). Thereafter, Plaintiff brought this suit against the Insurance Defendants and Wells Fargo to enforce the insurance policy. (*See* Docket No. 1). After she filed suit, Wells Fargo commenced a state court foreclosure action in North Carolina against the property secured by the loan. (*See* Docket No. 54, at 4).

## WELLS FARGO'S MOTION TO DISMISS

Wells Fargo moves to dismiss for lack of timely service and failure to state a claim. With respect to the former, Rule 4(m) provides that, if a defendant is not served within a specified time (now 90 days, but at the time this lawsuit was filed, 120 days), "the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m); *see also*

Fed. R. Civ. P. 4(c)(1) ("A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) . . . ."); Fed. R. Civ. P. 12(b)(5) (providing for dismissal for "insufficient service of process"). The Rule goes on to state, however, that "if the plaintiff shows good cause for its failure [to timely serve a defendant], the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). As a general matter, good cause exists when a plaintiff has attempted to serve a defendant, but failed to do so for reasons beyond his or her control. *See, e.g.*, *S.E.C. v. Westerfield*, No. 94 Civ. 6997 (JSM), 1997 WL 282241, at *2-3 (S.D.N.Y. May 27, 1997) (finding "good cause" for an eighteen-day delay where the plaintiff had "considerable difficulty" locating the defendant and was able to serve him only "on back roads on Kentucky Lake" after it had received new information about his location). If a plaintiff fails to show good cause, a court has discretion to extend the time to serve or to dismiss the complaint — even where dismissal, in combination with the statute of limitations, would effectively amount to dismissal with prejudice. *See, e.g.*, *Zapata v. City of New York*, 502 F.3d 192, 196-97 (2d Cir. 2007); *see also Harper v. City of New York*, 424 F. App'x 36, 40 (2d Cir. 2011).

Applying those standards here, the Court concludes that Plaintiff's claims against Wells Fargo should be dismissed for failure to timely serve. Notably, there is no dispute that Plaintiff failed to serve the summons and complaint on Wells Fargo within the time required by Rule 4(m) (even before it was amended to provide for only 90 days): She filed her complaint on February 25, 2015, but did not serve Wells Fargo with the Amended Complaint until April 20, 2016 (Docket No. 51), and did not serve a summons on Wells Fargo until June 17, 2016 (Docket No. 64) — after Wells Fargo's motion was fully briefed. *See Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 607 (S.D.N.Y. 2012) (noting that the filing of an amended complaint "does not

restart" the time period to serve under Rule 4(m)).  Plaintiff cites the fact that the Court did not act on her motion to proceed *in forma pauperis* until December 8, 2015, as good cause for her delay.  (*See* Docket No. 60 ("Pl.'s Opp'n") ¶ 1).  But even if the time to serve runs from the date on which Plaintiff's *in forma pauperis* motion was denied (or when she paid the filing fee), *see, e.g.*, *Romand v. Zimmerman*, 881 F. Supp. 806, 810 (N.D.N.Y. 1995), she still failed to meet the Rule 4 deadline.  Plaintiff also asserts that, on or about June 2, 2015, she provided a copy of the original summons and complaint to an attorney representing Wells Fargo at foreclosure proceedings in North Carolina.  (*See* Pl's Opp'n ¶ 2).  But there is no indication that that attorney was authorized to accept service on Wells Fargo's behalf in connection with this matter (and indeed, Wells Fargo represents that he was not so authorized (*see* Docket No. 61, at 5 n.2)).  *See, e.g.*, *Santos v. State Farm Fire & Cas. Co.*, 902 F.2d 1092, 1094 (2d Cir. 1990) ("[S]ervice of process on an attorney not authorized to accept service for his client is ineffective . . . .").  Accordingly, the Court concludes that Plaintiff — who, as an attorney, is not entitled to the "special solicitude" normally accorded to a *pro se* litigant, *see Simpson I*, 2016 WL 393544, at *2 — lacked good cause for her failure to serve Wells Fargo within the time set by Rule 4(m) and that dismissal of her claims against Wells Fargo is appropriate.

In the alternative, Plaintiff's claims against Wells Fargo must be dismissed under Rule 12(b)(6).  Plaintiff's pleadings are far from a model of clarity, but she appears to bring claims against Wells Fargo for breach of contract; unjust enrichment; misrepresentation; violations of North Carolina General Statutes (N.C. G.S.A.) §§ 58-57-25 and 58-58-141; violations of the Consumer Protection in Sales of Insurance Law, 12 C.F.R. § 343 *et seq.*; and violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq*.  (Am. Compl. ¶¶ 29-42).  With the exception of the TILA claims, all of these claims appear to arise from, or relate to, the insurance

policy.  It follows that they are barred by the law of the case, both because the Court previously found that the insurance policy was a "distinct agreement" between Decedent and the Insurance Defendants — that is, *not* with Wells Fargo (or its predecessor, Wachovia) — and because the Court held that Plaintiff's claims "based on the policy" failed as a matter of law because it had expired by its terms.  *Simpson I*, 2016 WL 393544, at *1, 3; *see, e.g.*, *Ali v. Mukasey*, 529 F.3d 478, 490 (2d Cir. 2008) ("The law of the case doctrine, while not binding, counsels a court against revisiting its prior rulings in subsequent stages of the same case absent 'cogent' and 'compelling' reasons such as 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" (quoting *United States v. Tenzer*, 213 F.3d 34, 39 (2d Cir. 2000)).[1]  In any event, Plaintiff abandoned most, if not all, of her claims relating to the insurance policy because she failed to address Wells Fargo's arguments against them in opposing its motion.  *See, e.g., Romeo & Juliette Laser Hair Removal, Inc. v. Assam I LLC*, No. 08-CV-442 (TPG) (FM), 2014 WL 4723299, at *7 (S.D.N.Y. Sept. 23, 2014) ("[A] plaintiff abandons a claim by failing to address the defendant's arguments in support of dismissing that claim."); *see also, e.g.*, *Jackson v. Federal Exp.*, 766 F.3d 189, 194-95 (2d Cir. 2014) (holding that "a partial response arguing that summary judgment should be denied as to

---

[1]     Plaintiff appears to argue that Wells Fargo violated "12 C.F.R. Section 343.40" by failing to provide "meaningful" disclosures in connection with the loan.  (Am. Compl. ¶ 22).  That claim was not addressed by the Court in its earlier opinion, but it fails for other reasons.  First, it is far from clear that there is a private right of action for violation of Section 343.  *See* 12 C.F.R. § 343, App. A (explaining the grievance process for consumers who believe a bank has violated the requirements of Section 343); *see also Suter v. Artist M.*, 503 U.S. 347, 365 (1992) (noting that the burden is on a plaintiff to show that there is a private right of action under federal law). Second, Section 343 only mandates certain disclosures, and the Credit Insurance Disclosure and Authorization attached to the Amended Complaint makes clear that Decedent received those disclosures.  (*See* Am. Compl. Ex. 4).

some claims while not mentioning others may be deemed an abandonment of the unmentioned claims").

Plaintiff's TILA claims against Wells Fargo are not barred by law of the case, *see Simpson I*, 2016 WL 393544, at *4 (declining to reach Plaintiff's TILA claims against Wells Fargo), but they are subject to dismissal on two other grounds. As an initial matter, it is plain from the face of the Amended Complaint that the TILA claims are untimely. *See, e.g.*, *Ellul v. Congregation of Christian Bros.*, 774 F.3d 791, 798 n.12 (2d Cir. 2014) (noting that while the statute of limitations is typically an affirmative defense, a court may grant a motion to dismiss on that basis when the deficiency is clear from the face of the complaint).[2] A TILA claim arising from an open-ended line of credit, such as the loan at issue here, must be brought within one year of the date the borrower was first assessed a finance charge. *See* 15 U.S.C. § 1640(e); *see also, e.g., McAnaney v. Astoria Fin. Corp.,* No. 04-CV-1101 (JFB) (WDW), 2008 WL 222524, at *5 (E.D.N.Y. Jan. 25, 2008) ("Although the Second Circuit has not decided this issue, every circuit court that has calculated the TILA limitations period for open-ended lines of credit — as well as every district court within the Second Circuit that has also considered this issue — calculates this period from the date the first finance charge is imposed."). Decedent began paying finance

---

[2] Plaintiff argues that the "statute of limitation [sic] under TILA allows tolling 3 years from the date the violation is revealed" (Pl.'s Opp'n ¶ 6), perhaps referring to the statute of limitations for claims arising under the Home Ownership Equity Protection Act ("HOEPA"), 15 U.S.C. §§ 1602(aa), 1639. *See* 15 U.S.C. § 1640(e) ("Any action under this section with respect to any violation of section 1639, 1639b, or 1639c of this title may be brought . . . before the end of the 3-year period beginning on the date of the occurrence of the violation."). But because the loan at issue was "not a second loan or a refinancing" — but rather an open-ended home equity loan — HOEPA and its statute of limitations are inapplicable. *See Johnson v. Scala*, No. 05-CV-5529 (LTS) (KNF), 2007 WL 2852758, at *4 (S.D.N.Y. Oct. 1, 2007) (finding that the defendants' claim related to their money mortgage loan was not cognizable under HOEPA).

charges on the loan in 2005 (*see* Am. Compl. ¶ 40), so the deadline to bring a TILA claim was in 2006 — long before Plaintiff filed suit.

Plaintiff asserts that her TILA claims should be subject to equitable tolling, but she provides no allegations whatsoever to support that argument. *See Grimes v. Fremont Gen. Corp.*, 785 F. Supp. 2d 269, 286 (S.D.N.Y. 2011) ("[I]n cases involving TILA, the courts have held uniformly that fraudulent conduct beyond the nondisclosure itself is necessary to equitably toll the running of the statute of limitations . . . because if the very nondisclosure or misrepresentation that gave rise to the TILA violation also tolled the statute of limitations, the effect of the statute of limitations would be nullified." (emphasis omitted)). Alternatively, she invokes the doctrine of "recoupment," pursuant to which a person may assert an otherwise time-barred TILA violation "in an action to collect the debt which was brought more than one year from the date of the occurrence of the violation as a matter of defense by recoupment or set-off in such action." 15 U.S.C. § 1640(e). (Pl.'s Opp'n ¶ 5). But that doctrine is inapplicable because Plaintiff "asserts [her] TILA claim affirmatively, in an action for damages that [she herself] commenced, and not as a defense in an action to collect the debt." *Van Pier v. Long Island Sav. Bank*, 20 F. Supp. 2d 535, 536 (S.D.N.Y. 1998). Plaintiff's insistence that she "brought this action to ward off" foreclosure proceedings that Wells Fargo had threatened (and later brought), and her reliance on *Coxson v. Commonwealth Mortgage Co. of America, L.P.,* 43 F.3d 189 (5th Cir. 1995), make no difference to the analysis. (Am. Compl. ¶ 23; Pl.'s Opp'n ¶ 7). Putting aside the question of whether *Coxson* is sound, *see Van Pier*, 20 F. Supp. 2d at 536 n.2 (questioning *Coxson*), the argument is misplaced because Plaintiff seeks monetary damages, not an injunction against the foreclosure. Ultimately, "despite Plaintiff['s] statement to the contrary, [she is] not asserting [her] TILA claim defensively, such as in a foreclosure action; but

rather affirmatively, in an action that [she] commenced for damages. Thus, the recoupment exception does not save [her] untimely TILA claim." *Grimes v. Fremont Gen. Corp.*, 785 F. Supp. 2d 269, 288 n.25 (S.D.N.Y. 2011).

In any event, Plaintiff fails to allege a plausible claim under TILA.  (Notably, she does not respond to Wells Fargo's argument on that score — thereby arguably waiving any contention that she does state a TILA claim and, at a minimum, implicitly conceding the point.)  Plaintiff references various sections of the statute and applicable regulations, but nowhere does she allege what notice was deficient or not provided by Wachovia.  Instead, she merely asserts in conclusory fashion that TILA "set[s] forth disclosure requirements for open-end credit plans such as the one Decedent had . . . and the required notices for any change in insurance companies."  (Am. Compl. ¶ 31).  It is well established that such generalized assertions of insufficient TILA disclosures are insufficient to state a claim.  *See, e.g.*, *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466-67 (7th Cir. 2010) (affirming dismissal of a TILA claim that failed to identify which "material disclosures" were not provided); *Estes v. Toyota Fin. Serv.*, No. 14-CV-1300 (JFB)(SIL), 2015 WL 3830350, at *6 (E.D.N.Y. June 22, 2015) (holding that the plaintiff's "conclusory statement that defendant failed to provide her with sufficient disclosure does not state a plausible claim under the TILA"); *Jeffries v. Wells Fargo Bank, NA*, No. 10-CV-5889, 2011 WL 5023396, at *4 (N.D. Ill. Oct. 19, 2011) (dismissing the plaintiff's TILA claim because "she has not identified any disclosure violation at all, let alone a defect apparent on the face of any disclosure statement.  Rather, she asserts that Wells Fargo 'violated TILA by failing to provide Plaintiffs with accurate material disclosures required under TILA.'" (footnote omitted)). *See generally In re Barclays Liquidity Cross & High Frequency Trading Litig.*, 126 F. Supp. 3d 342, 353 (S.D.N.Y. 2015) (noting that, to survive a motion to dismiss, a plaintiff "must show

more than a sheer possibility that a defendant acted unlawfully, and cannot rely on mere labels and conclusions to support a claim" (internal quotation marks and citations omitted). Accordingly, Plaintiff's TILA claims are dismissed.

### THE INSURANCE DEFENDANTS' SANCTIONS MOTION

The Court need not devote much ink to the Insurance Defendants' unopposed motion for sanctions.  The Insurance Defendants contend that sanctions are warranted because Plaintiff reasserted her claims against them even after the Court dismissed them.  (Docket Nos. 65-67). Plaintiff's conduct was certainly misguided, and there is little question that the Court could exercise its discretion to impose sanctions on her.  *See* Fed. R. Civ. P. 11(b)-(c); *Morley v. Ciba-Geigy Corp.*, 66 F.3d 21, 24 (2d Cir. 1995) ("[D]istrict courts generally have wide discretion in deciding when sanctions are appropriate.").  But "courts may issue Rule 11 sanctions only in extraordinary circumstances," and they should "always be a (very) last resort." *Jackson v. Connecticut Dep't of Pub. Health*, No. 3:15-CV-750 (CSH), 2016 WL 1531431, at *4 (D. Conn. Apr. 15, 2016) (citations omitted).  Here, notwithstanding Plaintiff's failure to oppose the Insurance Defendants' motion, the Court concludes that sanctions are not warranted.  First, although Plaintiff has not explained her reasons for reasserting the previously dismissed claims, she could conceivably have believed, albeit wrongly, that she needed to do so in order to preserve those claims for appeal.  *See, e.g.*, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) (holding that "a plaintiff waives all claims alleged in a dismissed complaint which are not realleged in an amended complaint"), *overruled in part by Lacey v. Maricopa Cty.*, 693 F.3d 896, 925-28 (9th Cir. 2012); *see also Broomes v. Schmidt*, No. CIV. A. 95-4845, 1996 WL 138087, at *4 (E.D. Pa. Mar. 27, 1996) (declining to impose sanctions where the plaintiff "mistakenly" believed "that he must continue to reassert a dismissed claim to 'preserve' its legal

viability"). Second, and in any event, the costs incurred by the Insurance Defendants in addressing the reasserted claims were, to some extent, a problem of their own making. The Insurance Defendants could more easily have written a short letter to the Court to confirm that all claims against them had been dismissed and that they did not need to respond to the Amended Complaint. The Court is not inclined to punish Plaintiff for the fact that the Insurance Defendants opted to take a more laborious route.

## CONCLUSION

For the reasons stated above, Wells Fargo's motion to dismiss is GRANTED, the Insurance Defendants' motion for sanctions is DENIED, and the Amended Complaint is dismissed in its entirety. Plaintiff does not request leave to amend her complaint yet again, and the Court declines to grant her leave *sua sponte*. Under Rule 15 of the Federal Rules of Civil Procedure, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Second Circuit has held that a Rule 15(a) motion — which Plaintiff has not even made — "should be denied only for such reasons as undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." *Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 603 (2d Cir. 2005) (internal quotation marks omitted); *see also Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015) ("leav[ing] unaltered" prior case law on denial of leave to amend, including the rule that "leave may be denied where amendment would be futile"). At the same time, "the grant or denial of an opportunity to amend is within the discretion of the District Court." *Williams v. Citigroup Inc.*, 659 F.3d 208, 214 (2d Cir. 2011). Applying those principles here, the Court concludes that leave to amend is not warranted because further amendment

would be futile. Plaintiff has given no indication that she possesses facts that could cure the defects in her claims. Additionally, Plaintiff's primary claims against Wells Fargo are time barred, which "better pleading will not cure." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Finally, Plaintiff was given an opportunity to amend and expressly cautioned that she would "not be given any further opportunity to amend the complaint to address issues raised by" Wells Fargo's motion. (Docket No. 41). Leave to amend is therefore denied.

The Clerk of Court is directed to terminate Docket Nos. 52 and 65, to mail a copy of this Opinion and Order to Plaintiff, and to close the case.

SO ORDERED.

Date: December 15, 2016
New York, New York

_____
JESSE M. FURMAN
United States District Judge